SO ORDERED.

SIGNED this 8th day of July, 2024.



_____Dale L. Somers_____
Dale L. Somers
United States Chief Bankruptcy Judge

Designated for print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>Jesse Lee Bunton and<br>Kristi Leann Hoard,<br><br>    Debtors. | Case No. 24-40205<br>Chapter 13 |
| Jesse Lee Bunton and<br>Kristi Leann Hoard,<br><br>    Plaintiffs,<br><br>v.<br><br>Colonial Gardens, LLC<br><br>    Defendant. | Adv. No. 24-07005 |

Memorandum Opinion and Order
Finding Colonial Gardens' Enforcement of the Prepetition Eviction
Judgment Entered Against Debtors is Excepted from the Automatic
Stay by 11 U.S.C. § 362(b)(22)

Debtors reside in a manufactured home located on a lot rented from Colonial Gardens, LLC. Prepetition Colonial Gardens obtained a state court order of eviction of Debtors from the lot, which it attempted to enforce postpetition. Debtors responded by filing this adversary proceeding, requesting injunctive relief and damages for alleged violation of the § 362(a)(3) stay.[1] Colonial Gardens defended by asserting its actions were excepted from the stay under § 362(b)(22). Following a hearing, the Court issued a temporary injunction barring Colonial Gardens from evicting Debtors from the lot, finding, among other things, that the legal question presented was "difficult and fair grounds for litigation."[2] That temporary injunction remains in place. After the temporary injunction was issued, Colonial Gardens filed a motion in the main case seeking a ruling that the § 362(b)(22) stay exception applies allowing it to enforce its eviction order or, in the alternative, relief from stay.[3]

---

[1] 11 U.S.C. § 362(a). All references to title 11 in the text shall be to the section number only.

[2] Case no. 24-07005, doc. 11.

[3] Case no. 24-40205, doc. 22.

The parties now seek a final order on the applicability of § 362(b)(22).[4] The Court finds the language of the exception clear and unambiguous - the exception applies to continuation of the prepetition proceeding regarding Debtors' lease of a lot in Colonial Gardens' manufactured home park.

**Factual Background**

The material facts giving rise to this dispute are undisputed and are as follows.[5] Debtors reside in a manufactured home owned by them[6] located at 3000 Turtle Creek Blvd, Lot 112, Manhattan, Kansas. Lot 112 is owned by Colonial Gardens, and is part of a manufactured home park. In July, 2022, Debtors entered into a lease with Colonial Gardens for lot 112, on which their

---

[4] This Court has jurisdiction over subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1  Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E). There is no objection to venue or jurisdiction over the parties.

[5] The Court requested a joint stipulation of facts, but the parties did not comply. The facts stated are therefore drawn from the testimony at the hearing for temporary injunction and the facts included in the parties' various pleadings.

[6] The manufactured home is subject to the lien of Triad Financial Services, which has filed a proof of secured claim for $33,570.53. (POC 13), Debtors' Schedule A/B states the home's value is $30,425.74.

3

manufactured home had been installed before they purchased the home. Although the home is anchored on the lot, it can be removed.[7]

On March 3, 2024, Colonial Gardens served Debtors with a Notice to Quit lot 112 for nonpayment of rent. The rent was not paid, and Colonial Gardens then sued in the Riley County, Kansas District Court to evict Debtors under the Kansas Mobile Home Parks Residential Landlord Tenant Act.[8] Debtors defaulted. On April 3, 2024, a Journal Entry of Judgment for Possession was entered.

Two days later, on April 5, 2024, Debtors filed for relief under Chapter 13. In reliance on the exception to stay in § 362(b)(22), Colonial Gardens took actions to enforce its judgment, including demanding Debtors vacate the lot by April 18, 2024. Debtors responded by filing this adversary proceeding for declaratory judgment, injunctive relief, and sanctions for violation of the automatic stay. On April 18, 2024, an evidentiary hearing was held on Debtors' motion for injunction. Upon issuance of the temporary injunction, Colonial Gardens ceased enforcement of the order for possession and sought

---

[7] Debtor Jesse Bunton testified although he has not seen wheels attached to the home, it is possible there are wheels which are not visible because of the skirt around the home. Debtor Kristi Hoard testified she has seen wheels under the house, but they are not attached to the house. The home is anchored to the lot by a strap in the ground on each corner. Thus, it is a fixture on the lot rather than a part of the real estate.

[8] K.S.A. 58-25,100 et seq.

4

an order of the Court holding that § 362(b)(22) applies. The parties subsequently filed briefs on the issue.

**Positions of the Parties**

Colonial Gardens asserts that § 362(b)(22) allows it to evict Debtors. That subsection provides § 362(a)(3), staying all action to obtain possession of property of the estate, does not apply to the enforcement of a prepetition eviction judgment obtained "by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of filing of the bankruptcy petition, a judgment for possession of such property against the debtor". In support, Colonial Gardens contends all elements of § 362(b)(22) have been met. It filed its Petition for Eviction on March 11, 2024. It prayed for a judgment for possession involving residential property (lot 112), where Debtors reside under a lease agreement. On April 3, 2024, two days before Debtors filed for bankruptcy relief, Colonial Gardens obtained a judgment for possession of lot 112. In support, Colonial Gardens provided the Court with three unpublished decisions applying § 362(b)(22) to the rental of manufactured home lots and legislative history.

Debtors assert § 362(b)(22) does not apply because Debtors reside in the manufactured home *located on* lot 112; they do not reside *in* lot 112. They

argue because the meaning of the statute is clear, the Court cannot consider the legislative history provided by Colonial Gardens. No additional arguments are made challenging the application of § 362(b)(22) to the circumstances of this case.

**Analysis**

The Court must interpret § 362(b)(22) to determine if it is applicable to the enforcement of the eviction order obtained by Colonial Gardens. Analysis starts with the statutory language and looks to the plain meaning of the section.[9]

Section 362(a)(3) provides the filing of a bankruptcy petition stays "any act to obtain possession of property of the estate or property from the estate or to exercise control over property of the estate." Lot 112 rented by Debtors and occupied by them is property of the estate. Section 362(b)(22) is an exception to the § 362(a)(3) stay and provides the stay does not apply to the

> continuation of any eviction, unlawful detainer action or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of filing of the bankruptcy petition, a

---

[9] *In re Barrera*, 22 F.4th 1217, 1222 (10th Cir. 2022).

judgment for possession of such property against the debtor.[10]

Based on the plain meaning, the Court finds § 362(b)(22) applies in this case. The statute states it applies to continuation of eviction proceedings "involving residential property in which the debtor resides as a tenant." In manufactured housing communities, the manufactured homes are securely attached to the rented pads. A debtor cannot reside in a manufactured home without also residing in a rented pad. The pad is a necessary part of the occupied residence.

The Court rejects Debtors' argument that § 362(b)(22) does not apply because they reside in the home on, not in, the lot. It defies logic to say that the lot is not part of the home. The lot is necessary for the habitability of the house. Debtors reside in the home and the lot.

The Court has found no cases construing § 362(b)(22). But the plain meaning of the exception is consistent with the three unpublished opinions provided by Colonial Gardens.[11] Each case recognized that § 362(b)(22) applies to eviction proceedings concerning rented pads in manufactured home

---

[10] Section 362(b)(22) is subject to § 362(l), which provides a procedure for a tenant to obtain reinstatement of the stay through cure the prepetition arrearage. Debtors have not attempted to utilize this procedure.

[11] *In re Elrod*, Case No. 06-03923-8-JRL (Bankr. E.D.N.C. Mar. 22, 2007); *In re Unutoa*, Case No. 21-00045-GS (Bankr. D. Alaska Aug. 12, 2021); *In re Porter*, Case No. 06-31322 (Bankr. N.D. Ohio July 25, 2006).

7

communities. However, there was no analysis of the meaning of the exception, as the matter at issue in each case was the § 362(l) mechanism by which a tenant may stay enforcement of an eviction excepted from the stay by § 362(b)(22).

Colonial Gardens also relies on legislative history stated in a 2005 report of the House Committee on the Judiciary.[12] It states § 362(b)(22) is "intended to apply to manufactured housing communities, where tenants own their own home and pay monthly rent to community owners for the land upon which their home sits."[13] The Court declines to rely on this history. "[W]here as here, the statutes's language is plain, 'the sole function of the courts is to enforce it according to its terms,'"[14] and resort to legislative history is not necessary.

The Court holds the § 362(b)(22) exception to the § 362(a)(3) stay of all acts to acquire possession of property of the estate applies to the continuation of Colonial Gardens' prepetition state court eviction proceeding. Accordingly,

---

[12] H.Rep. 109-31(l)(2005), reprinted in 2005 U.S.C.C.A.N.88..

[13] *Id*, at 74. Section 362(b)(2) was enacted as part of BAPCPA. Despite the long road to enactment, the only legislative report is the House Judiciary Committee Report. See Waldron and Berman, Principled Principles of Statutory Interpretation: A Judicial Perspective after Two Years of BAPCPA, 81 Am. Bankr. L. J. 195, 217 (2007).

[14] *U.S. v. Ron Pair Enter., Inc.*, 489 U.S. 235, 241 (1989)(quoting *Caminetti v. U.S.*, 242 U.S. 470, 485 (1917)).

8

the Court orders as follows: (1) In the main case, Colonial Gardens' motion for a ruling that § 362(b)(22) applies to the eviction of Debtors from Colonial Gardens lot 112 is granted. Colonial Gardens' alternative request for relief from stay is moot. (2) In the adversary proceeding, Colonial Gardens' defense to the alleged violation of the stay is sustained. The temporary injunction previously entered is dissolved, and Debtors' complaint for injunctive relief and damages for violation of the automatic stay is denied.

This order shall be effective seven days from its entry on the dockets of the main case and the adversary proceeding.

It is so ordered.

###